UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA MATULIC,<br>Plaintiff,<br>v.<br>MEMORIAL HEALTH SERVICES, INC., et al.,<br>Defendants. | Case No. 26-cv-08206-WHO<br>**ORDER GRANTING STIPULATION TO TRANSFER VENUE AND VACATE CURRENT DEADLINES**<br>Re: Dkt. No. 17 |

Before me is the parties' stipulation to transfer venue. The parties request an order transferring this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406. Even though the parties stipulate to the transfer, I must evaluate whether transfer is appropriate. *See Tung Tai Grp. v. Fla. Transformer, Inc.*, No. 11-CV-02389-EJD, 2011 WL 3471400, at *2 (N.D. Cal. Aug. 8, 2011).

As brief background, plaintiff Rebecca Matulic brought this putative class action against defendants Memorial Health Services, Inc., and MemorialCare Medical Foundation, alleging that defendants violated state and federal privacy law by using artificial intelligence clinical documentation software to record or transcribe patient-provider conversations. *See* Compl. ¶¶ 1–16. Matulic did so after her claims were severed from a different case in the Northern District. *See* Joint Stipulation to Sever Claims Against Memorial, *Washington v. Sutter Health*, No. 26-CV-03012-HSG (N.D. Cal. Jul. 31, 2026). After meeting and conferring, the parties agreed that venue is improper in the Northern District and that venue would be proper in the Central District. Dkt. No. 17 at 2–4.

A district court may transfer venue of any civil case to another district court where the action could have been brought "for the convenience of the parties and witnesses, in the interest of

United States District Court
Northern District of California

justice." 28 U.S.C. § 1404(a). Pursuant to section 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a). Section 1406(a) is therefore predicated on whether venue is "improper" in the forum in which the case was brought. *Adams v. BRG Sports, Inc.*, No. 17-CV-00457-BLF, 2017 WL 5598647, at *4 (N.D. Cal. Nov. 21, 2017). In the interest of justice, the court may transfer a case filed in the wrong district to the correct district. *Id.* The court may do so for the convenience of parties and witnesses, even if venue is proper in the original forum. *Id.*

Venue is improper if the case does not fall within one of the three categories set out in section 1391(b). *Adam v. CaringBridge, Inc.*, No. 25-CV-06042-WHO, 2025 WL 3493565, at *2 (N.D. Cal. Dec. 5, 2025). That is the case here. None of defendants reside in the Northern District. Defendants maintain their principal places of business in Fountain Valley, California, within the Central District, and have no presence or operations in Northern California, including within the Northern District. Declaration of Karen R. Weinstein ("Weinstein Decl.") [Dkt. No. 17-1] ¶¶ 4, 7. The events giving rise to Matulic's claims occurred in Long Beach, California, which is in the Central District. *See id.* ¶ 9; Compl. ¶¶ 4, 22, 46. And for the same reasons, this action could have been brought in the Central District.

Transferring this action to the Central District will also serve the convenience of the parties and any witnesses and promote the interests of justice. All of the parties, including Matulic, reside within the Central District. *See* Weinstein Decl. ¶ 4; Compl. ¶ 17. As a result, this action has no plaintiff or defendant with any connection to the Northern District. All of defendants' facilities are located in Southern California, and defendants do not have any facilities in the Northern District. Weinstein Decl. ¶¶ 7–8; Declaration of Christopher Chin [Dkt. No. 17-2] ¶ 5. Matulic's visit occurred at one such facility within the Central District. Compl. ¶ 46. As a result, it is likely that most of the witnesses, documents, and evidence relevant to this matter will be located in the Central District and that the parties and witnesses would experience greater inconvenience and cost if forced to litigate this action in the Northern District, compared to the Central District. Additionally, "[t]he fact that the parties have stipulated to the transfer further underscores the

United States District Court
Northern District of California

appropriateness of an inter-district transfer." *Adams*, 2017 WL 5598647, at *5.

Because I find that venue is improper in this District, that the action could have been brought in the Central District of California, and that transferring the action will serve the interests of justice and convenience of the parties and witnesses, I GRANT the parties' stipulation to transfer this action pursuant to section 1406. This action shall be transferred to the United States District Court for the Central District of California for all further proceedings. All briefing and hearing dates for defendants' motions are VACATED.

**IT IS SO ORDERED.**

Dated: November 16, 2026



William H. Orrick
United States District Judge